**STATE of Rhode Island**

v.

**Khalil KHOLI.**

**No. 97–439–C.A.**

Supreme Court of Rhode Island.

Jan. 16, 1998.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

**ORDER**

This matter is here on the defendant's appeal from the denial of his motion to reduce sentence filed pursuant to Super.R.Crim.P. 35. After consideration of the prebriefing materials, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The defendant was convicted of ten counts of first-degree sexual assault of his two stepdaughters. He was sentenced to life imprisonment on each count, counts 1 through 6 to run concurrently with one another, but consecutively to counts 7 through 10. The defendant's conviction was affirmed by this court. See *State v. Kholi*, 672 A.2d 429 (R.I.1996).

On May 16, 1996, the defendant filed, in the Superior Court, a motion to reduce his sentence. The defendant's motion was heard by a justice who had not presided over his trial, because the trial justice had retired. In his consideration of the defendant's motion, the hearing justice reviewed this court's decision affirming the defendant's conviction, as well as the sentencing hearing transcripts and letters submitted on the defendant's behalf. In addition, the hearing justice spoke with the retired trial justice to seek his guidance as to what he might do, upon reflection, if he were still a sitting judge. Thereafter, the hearing justice denied the defendant's motion to reduce his sentence.

The defendant now contends on appeal that it was inappropriate for the hearing justice to solicit the retired trial justice's opinion relative to the defendant's motion to reduce his sentence. He argues that, in essence, it was the retired trial justice who decided the motion without the benefit of hearing the defendant's arguments.

We disagree with the defendant's contentions. The defendant in his motion to reduce his sentence was seeking to have the court reconsider its prior determination. He was asking the trial justice to order that his life sentences run concurrently. He was not alleging any change of circumstances since his sentencing.

The hearing justice, after conferring with the trial justice, reviewing the sentencing transcript, and after reviewing this court's decision, determined that the sentence imposed was appropriate. In so finding the trial justice committed no error of law. Moreover, given that the hearing justice did not either preside over the trial or impose the sentence, it was entirely appropriate for the judge to confer with the trial justice. The motion to reduce sentence was addressed to the sound discretion of the trial justice and will not be disturbed absent a finding of an abuse of discretion. In the instant case, the facts clearly justify the defendant's sentence. The evidence adduced at trial was that the defendant had repeatedly sexually abused his stepdaughters from ages five and seven, into their teens. Therefore, we find no abuse of discretion by the hearing

justice in declining to reduce defendant's sentence.

Consequently, the defendant's appeal is denied and dismissed. The denial of the motion to reduce sentence is affirmed.

BOURCIER, J., did not participate.