[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2011
JOHN LEY
CLERK

No. 10-15529
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20462-AJ

ANTHONY O. GEORGE,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2011)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Anthony George, a state prisoner proceeding <u>pro se</u>, appeals the district

court's dismissal of his federal habeas corpus petition under 28 U.S.C. § 2254 as

untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). George argues that the district erred in finding that his § 2254 petition was untimely, because he was entitled to equitable tolling under Holland v. Florida, 560 U.S. ---, 130 S.Ct. 2549 (2010).[1] Specifically, he argues that (1) he demonstrated diligence through his attempts to communicate with his attorney regarding the AEDPA time requirements and his wish to preserve his right to file a § 2254 federal habeas petition; and (2) he demonstrated extraordinary circumstances through his attorney's failure to satisfy professional standards of care. After careful review of the record and the parties' briefs, we affirm.

We review de novo the district court's legal decision on equitable tolling. Drew v. Dep't of Corrs., 297 F.3d 1278, 1283 (11th Cir. 2002). We review a district court's determination of the relevant facts, however, including those related to a petitioner's diligence, for clear error. Id. Thus, we must "affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." Id. at 1283, 1289 (quotation marks omitted). We

---

[1] The district court issued a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) only on the issue of "whether [George] is entitled to equitable tolling pursuant to Holland v. Florida, [560 U.S. ---,] 130 S. Ct. 2549 (2010)." Our review is therefore limited to this issue. Hodges v. Att'y Gen., State of Fla., 506 F.3d 1337, 1340–41 (11th Cir. 2007).

must construe the pleadings of a pro se litigant liberally. Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005). However, "[i]n deciding issues on appeal we consider only evidence that was part of the record before the district court." Selman v. Cobb Cnty. Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006); see also Dominick v. Dixie Nat'l Life Ins. Co., 809 F.2d 1559, 1573 (11th Cir. 1987) (declining to consider exhibits attached to appellate briefs that were not presented to the trial court prior to the grant of summary judgment).

AEDPA imposes a one-year statute of limitations for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). In this case, that one-year statute of limitations began to run from "the date on which the judgment became final." Id. at § 2244(d)(1)(A).[2] The district court concluded that the judgment became final on June 13, 2007, ninety days after the denial of George's motion for a rehearing, and that George therefore had until June 13, 2008 to seek habeas relief. George filed his § 2254 petition on February 10, 2010, about twenty months after the one-year

---

[2] This is because § 2244(d)(1)(B)-(D) would not provide a later triggering date for the statute of limitations in this case.

3

limitations period had expired.[3]  George argues that although his § 2254 petition was untimely, he is entitled to equitable tolling.

Equitable tolling of the limitations period applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). "[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). Equitable tolling of the AEDPA's one-year limitation period is warranted only if the federal habeas petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at -

---

[3]  George filed a motion to modify his sentence under Florida Rule of Criminal Procedure 3.800 on May 31, 2007. That motion was denied on June 26, 2007, and George did not appeal that ruling. We have previously held that a Rule 3.800(c) motion to reduce a legal sentence is not a tolling motion under § 2244(d)(2) because the rule does not provide a procedure for raising a legal challenge, but functions as a way for a petitioner to request leniency from a legal sentence. Alexander v. Sec'y, Dep't of Corrs., 523 F.3d 1291, 1292, 1295 (11th Cir. 2008). But the Supreme Court has recently held that a similar motion to reduce a sentence qualified as an application for 'collateral review' under § 2244(d), and rejected the argument that an application merely seeking sentencing leniency does not provide for statutory tolling. Wall v. Kholi, 562 U.S. ---, ---, 131 S. Ct. 1278, 1286–87 (2011). The Supreme Court in Wall cited Alexander in illustrating the circuit split that the Court sought to resolve in Wall. Id. at ---, 131 S. Ct. at 1283 & n.2. However, even assuming without deciding that Wall abrogated Alexander and that George's AEDPA time clock was therefore tolled during the twenty-six days while his Rule 3.800 motion was pending, George's § 2254 petition still would not have been filed until nineteen months after the limitations period expired.

4

--, 130 S.Ct. at 2562 (quotation marks omitted); see also Diaz v. Sec'y for Dep't of Corrs., 362 F.3d 698, 702 (11th Cir. 2004) (explaining that a petitioner must show "*both* extraordinary circumstances and due diligence"). "Reasonable diligence," rather than "maximum feasible diligence" is required for equitable tolling purposes. Holland, 560 U.S. at ---, 130 S.Ct. at 2565 (quotation marks omitted).

The district court explained that "there is no indication that Mr. George diligently inquired of his attorney concerning the filing of the post-conviction motion or the effect that a later filing would have on a federal habeas corpus petition." Before the district court, George argued that "he has diligently pursued his legal rights by having his family retain . . . a postconviction attorney to represent him in filing any and all motions and petitions regarding his conviction and sentence." Holland makes clear that only "reasonable diligence" is required to satisfy the first prong of the equitable tolling test. 560 U.S. at ---, 130 S.Ct. at 2565. But nothing in Holland suggests that a petitioner may establish reasonable diligence merely by retaining an attorney. Instead, the Supreme Court in Holland focused on the petitioner's own actions in the face of his attorney's inaction. Id. In concluding that the petitioner had exercised reasonable diligence, the Court observed that the petitioner "wrote his attorney numerous letters seeking

crucial information and providing direction," and "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [the attorney] removed from his case." Id. The district court did not clearly err in finding that George's hiring of post-conviction counsel was not enough to establish reasonable diligence.[4]

On appeal, George points to two letters he wrote to his post-conviction counsel, which he has included in his appendix to his initial brief before this Court, but which he failed to present to the district court. In the first letter, dated September 2, 2007, George asked his post-conviction counsel to file a state post-conviction motion under Florida Rule of Criminal Procedure 3.850 soon so that George could file his federal habeas petition within the one-year time limit.[5] In the second letter, dated November 15, 2007, George again urged his attorney to

---

[4] In objecting to the magistrate judge's report and recommendation, George also stated that he had shown diligence "by communicating his concerns to [his] attorney regarding preservation of timeliness of the filing of a Habeas petition." But we cannot conclude on the basis of this one vague and unsubstantiated statement that the district court clearly erred in finding that George failed to exercise reasonable diligence during the thirty-two month period following the commencement of his AEDPA time clock.

[5] Our review is limited by the COA to the issue of equitable tolling, but we note by way of explanation that § 2244(d)(2) does not provide for statutory tolling here because the one-year limitations period provided by AEDPA had already expired when George filed his state post-conviction motion on March 16, 2009. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a properly filed application for state post-conviction relief does not provide statutory tolling of AEDPA limitations period where the motion for state post-conviction relief was not filed until after § 2244(d)'s one-year limitation period had expired).

file his Rule 3.850 motion soon because he "d[id] not wish to wa[i]ve the opportunity to take [his] case to the federal courts." But because George did not present these letters to the district court in his response to the court's order directing him to respond to the limitations period, we cannot consider them in determining whether the district court clearly erred in finding that George had not exercised reasonable diligence.[6] See Selman, 449 F.3d at 1332; Dominick, 809 F.2d at 1573.

For these reasons, we conclude that the district court did not clearly err in finding that George did not exercise reasonable diligence, and as a result did not err in determining that George was not entitled to equitable tolling under Holland.[7]

---

[6] George points to other letters he sent to his attorney, but concedes that these letters were not related to the filing of his Rule 3.850 motion or his § 2254 petition. In any event, these letters were also not presented to the district court. George additionally points to two letters he received from his post-conviction counsel, which he did present to the district court. In a letter dated April 11, 2007, his post-conviction counsel indicated that she intended to file a Rule 3.850 motion after filing a Rule 3.800 motion to modify George's sentence. In a letter dated February 2, 2010, George's post-conviction attorney acknowledged that she did not file the Rule 3.850 motion in time to toll George's AEDPA time clock. In that letter, George's attorney stated that because she was employed by an insurance company while also continuing her private post-conviction representation of George, he might be able to argue for equitable tolling on the theory that she "had divided loyalties," but she maintained that she never "acted in bad faith or dishonestly towards" George. While these letters from George's attorney may show the deficiencies in her representation of him, they do not show in any way that George himself was diligent in pursuing his rights.

[7] Because we conclude that the district court did not clearly err in finding that George failed to exercise reasonable diligence in persuing his rights, we need not consider whether extraordinary circumstances existed to satisfy the second prong of the equitable tolling test. See Diaz, 362 F.3d at 702 n.7.

7

We therefore AFFIRM the district court's order dismissing George's § 2254 petition as untimely.

**AFFIRMED.**