FILED

NOT FOR PUBLICATION

MAY 10 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN RAY RITCHIE,<br><br>               Petitioner - Appellant,<br><br>  v.<br><br>MIKE FERRITER; ATTORNEY GENERAL FOR THE STATE OF MONTANA, Esquire,<br><br>               Respondents - Appellees. | No. 10-35666<br><br>D.C. No. 9:09-CV-00177-DWM-JCL<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted April 10, 2012
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges

Petitioner Steven Ritchie appeals the dismissal of his federal habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm in part, and vacate and remand in part.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Assuming without deciding that Ritchie's application for sentence review could toll the statute of limitations, that his application was properly filed, and thus that the statute of limitations was tolled during the pendency of his sentence review application, nevertheless Ritchie's federal habeas petition still would be time-barred without the benefit of equitable tolling. We therefore need not consider separately whether statutory tolling is available pursuant to *Wall v. Kohli*, 131 S.Ct. 1278 (2011).

The district court concluded that equitable tolling did not apply before our decision in *Bills v. Clark,* 628 F.3d 1092 (9th Cir. 2010). We remand for consideration of equitable tolling pursuant to the heavily fact-dependent *Bills* standard, *id.* at 1100–01, expressing no view as to whether such tolling is warranted in this case. The district court shall hold an evidentiary hearing, if necessary, to determine whether equitable tolling applies.

Each party shall bear their own costs.

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.