**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 13a0905n.06

No. 12-2083

**FILED**
Oct 22, 2013
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DELANGELO JOHNSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| LLOYD RAPELJE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | **OPINION** |
| | ) | |

Before:  ROGERS, STRANCH, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  Petitioner, Delangelo Johnson, a Michigan prisoner proceeding pro se, appeals an order of the U.S. District Court for the Eastern District of Michigan dismissing his habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. 28 U.S.C. § 2244(d)(1). We disagree, finding that statutory tolling of the limitations period during Petitioner's collateral review proceedings in state court extended the limitations period such that his petition was timely when

filed. Accordingly, we REVERSE the decision of the district court and remand this case for further proceedings consistent with our ruling.

I.

On November 7, 2011 Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. The district court dismissed the petition, finding that it was time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability to determine whether Johnson's petition was timely.

II.

AEDPA imposes a one-year limitations period upon state prisoners applying for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period generally begins to run on the date that the state court judgment is deemed to have become final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The conclusion of "direct review" occurs upon the denial of certiorari in the United States Supreme Court or 90 days after a final judgment of the highest state court, when the period for seeking a writ of certiorari in the United States Supreme Court elapses. *See Wall v. Kholi,* 131 S. Ct. 1278, 1282 (2011) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 117 (2009)).

AEDPA's one-year limitations period is tolled, however, when a prisoner seeks collateral review of his conviction in state court. *Wall,* 131 S. Ct. 1278, 1282-83 ("the 1-year limitation period is tolled during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' § 2244(d)(2)."); *Jimenez*, 555 U.S. 113, 117 (stating that the time during which a properly filed application for collateral review is pending in state court does not count towards the limitations period) (citing 28 U.S.C. § 2244(d)(2)). *See also Souter*, 395 F.3d 577, 585 (6th Cir. 2005) ("The limitations period is tolled while state-court . . . collateral proceedings are pending. 28 U.S.C. § 2244(d)(2).").

This court reviews de novo a district court's dismissal of a petition for a writ of habeas corpus as barred by 28 U.S.C § 2244 . *Souter v. Jones*, 395 F.3d 577, 584 (6th Cir.2005). A district court's factual findings that underlie the dismissal are reviewed for clear error. *Id.* (citing *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999)).

## III.

The parties agree that the one-year statute of limitations period began to run on October 24, 2005, the last day that Johnson could have brought a petition for writ of certiorari in the United States Supreme Court to appeal his conviction on direct review. *See Wall*, 131 S. Ct. 1278. The parties also agree that the limitations period was tolled on December 20, 2005, when Johnson initiated collateral review proceedings by filing a Motion for Relief from Judgment in the Michigan trial court. *See id*. The district court correctly noted, and the parties agree, therefore, that as of

December 20, 2005, the limitations period had already run for 57 days, meaning that Johnson would have 308 days remaining in the limitations period when it began to run once again.

The only contested issue in this case is when the limitations period began to run again, or more precisely, the date on which Petitioner's state-court collateral review proceedings came to a final conclusion such that the limitations period ceased to toll.

The district court found that the limitations period began to run again on February 16, 2006, when the trial court dismissed, without prejudice Johnson's motion for relief from judgment and granted his motion for court-appointed post-conviction counsel.[1] Such a dismissal would normally un-pause the clock on the limitations period, but not in this case. The outcome depends on a cryptic March 21, 2006 docket entry:

> *CANCELED* **Post Conviction**
> *Case Disposed/Order Previously Entered*
> *Not Held And/Or Disposed*

From our position, far removed from the proceedings before the trial court, the docket entry seems utterly ambiguous. The district court made the following finding of fact: "On March 21, 2006, the trial court cancelled its order regarding Petitioner's motion for relief from judgment." Based on the

---

[1] The exact date of the state trial court's rulings on Petitioner's Motion for Relief from Judgment is not clear in the record. Although the district court found that the trial court disposed of Petitioner's Motion on this date, the record shows that the trial court appointed new counsel to represent Petitioner in his Motion on this date, and only ruled upon the Motion on April 13, 2009. In any event, the Motion clearly remained pending until it was disposed of by the Michigan Supreme Court on April 25, 2011.

record before us, we cannot say that the district court's understanding of the docket entry was clearly erroneous.  *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999).

But given this factual finding, the district court did err when it drew the legal conclusion that the statute of limitations resumed running on February 16 when the trial court dismissed Johnson's motion for relief from judgment.   A cancelled order is no order at all, so the motion remained pending and the statue of limitations remained tolled  until April 25, 2011, when the Michigan Supreme Court denied Johnson leave to appeal the trial court's denial of his motion for relief from judgment.

IV.

There is no dispute that once the limitations period began to run again, Johnson had 308 days remaining to file his petition. Accordingly, treating April 25, 2011 as the date when the limitations period began to run again, Johnson was well within AEDPA's statutory limitation period when he filed his habeas petition in the district court 196 days later on November 7, 2011.

We therefore  REVERSE  and remand to the district court for further proceedings consistent with our ruling that Johnson's petition was not time-barred.