# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60442

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2015

JAMES ALLEN HIGGINBOTHAM,

Petitioner-Appellant

Lyle W. Cayce
Clerk

v.

RON KING, Superintendent,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CV-71

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Allen Higginbotham, Mississippi prisoner # 149421, filed a 28 U.S.C. § 2254 petition challenging his conviction and life sentence for murder, which the district court dismissed as time barred. We granted Higginbotham a certificate of appealability (COA) to determine whether he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) from October 9, 2009, the date he filed his motion for leave to file a motion for state postconviction relief (motion for leave) until May 30, 2013, the date of the final disposition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60442

his postconviction claims.  We review issues of law, including issues regarding statutory tolling, de novo and findings of fact for clear error.  *Manning v. Epps*, 688 F.3d 177, 182 (5th Cir. 2012); *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

Because Higginbotham pleaded guilty to murder, he could not appeal his conviction or sentence.  *See* MISS. CODE ANN. § 99-35-101.  Therefore, Higginbotham was not required to file a motion for leave in state court.  *See* MISS. CODE ANN. § 99-39-7.  Because Higginbotham's motion for leave was unnecessary under state law, it was not properly filed for purposes of § 2244(d)(2).  *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000); *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004).  Furthermore, because Higginbotham's motion for leave sought permission to proceed rather than review of his conviction and sentence, it did not trigger § 2244(d)(2) tolling.[1]  *See Wall v. Kholi*, 131 S. Ct. 1278, 1285-86 (2011); *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

Finally, Higginbotham's motion for state postconviction relief, which was filed, at the earliest, on March 17, 2011, did not serve to further toll the one-year limitation period, as the district court also concluded.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000).

In light of the foregoing, the district court's dismissal of Higginbotham's § 2254 petition as time barred is **AFFIRMED**.

---

[1] Even if Higginbotham's motion for leave had triggered tolling, the statute of limitations would have only been tolled for 67 days while the motion was pending, making his § 2254 petition due on or before July 27, 2010. Higginbotham's § 2254 petition was signed on February 1, 2012 and stamped as "filed" on February 27, 2012.