RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0169p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

JORGE A. MARTINEZ,

           *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,

           *Respondent-Appellee.*

No. 14-4258

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
Nos. 4:04-cr-00430-1; 4:11-cv-02348—Donald C. Nugent, District Judge.

Decided and Filed: June 16, 2017[*]

Before: SILER and BATCHELDER, Circuit Judges; BERTELSMAN, District Judge.[**]

_____

## COUNSEL

**ON BRIEF:** Michael L. Collyer, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. Jorge A. Martinez, White Deer, Pennsylvania, pro se.

_____

## ORDER

_____

Jorge A. Martinez, a pro se federal prisoner, appeals a district court order dismissing his action seeking to vacate his sentence, filed under 28 U.S.C. § 2255. This case has been referred

_____

[*]This order was originally filed as a panel order on June 16, 2017. The court has now designated the order for full-text publication.

[**]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Martinez was convicted of numerous counts of distribution of controlled substances, mail fraud, wire fraud, health care fraud, and health care fraud resulting in the death of patients.  He was sentenced to life imprisonment.  We affirmed Martinez's convictions and sentence on appeal.  *United States v. Martinez*, 588 F.3d 301 (6th Cir. 2009).

In October 2011, Martinez filed a 628-page motion to vacate his sentence under 28 U.S.C. § 2255.  The government moved to strike the motion, and the district court granted the government's motion because the motion far exceeded the 20-page limit provided by Northern District of Ohio Local Rule 7.1.  The district court later dismissed Martinez's case with prejudice, but this court vacated the order dismissing Martinez's § 2255 motion and remanded the case for an order allowing Martinez to re-file a compliant motion.

Instead of filing a compliant motion, however, Martinez filed a new § 2255 motion that was 23 pages long—accompanied by two one-page letters and a 628-page affidavit. The "affidavit" was merely a re-named copy of the 628-page motion from Martinez's first § 2255 action.  The district court granted the government's renewed motion to strike Martinez's § 2255 motion but gave Martinez an opportunity to file a motion that fell within the page limitations set forth in Local Rule 7.1.  Martinez did not timely re-file a compliant § 2255 motion.  The district court dismissed the action—as forewarned—and found no grounds upon which to grant Martinez a certificate of appealability.

We granted Martinez a certificate of appealability limited to two questions:  whether Local Rule 7.1 applies to § 2255 petitions and, if it does, whether the district court's application of the rule was proper.  The only issues on review are those certified by the court in its order. *See* 28 U.S.C. § 2253(c)(1).

The district court correctly applied Local Rule 7.1.  While there appears to be no definitive authority on the question of whether § 2255 proceedings are civil or criminal in nature, *see Wall v. Kholi*, 562 U.S. 545, 560 n.7 (2011), "the overwhelming history of § 2255 indicates that motions filed under that section could be considered civil in nature."  *Brown v. United*

*States*, 748 F.3d 1045, 1065 (11th Cir. 2014). Rule 12 of the Rules Governing Section 2255 Proceedings makes clear that the Federal Rules of Civil Procedure apply to § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings; *see In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007). And even if § 2255 proceedings are more criminal in nature, Federal Rule of Criminal Procedure 57 allows district courts to apply local rules as long as the litigant has notice. Martinez clearly had notice in this case.

Local Rule 7.1 is not inconsistent with any provision of § 2255. Local Rule 7.1(f) sets out the maximum length of memoranda filed in the Northern District of Ohio, and it applies to all litigants. *United States v. Merkosky*, No. 1:02-CR-168, 2008 WL 5169640, at *7 (N.D. Ohio Dec. 9, 2008). Local Rule 7.1 states that memoranda relating to dispositive motions in standard cases must not exceed twenty pages and memoranda relating to all other motions must not exceed fifteen pages in length. The local rules also provide that non-compliance is sanctionable at the judge's discretion. Local Rule 7.1(i). A motion to vacate under § 2255 is a "motion" as contemplated by the local rule. Martinez was informed of the rule's requirement, warned that non-compliance would result in having his motion struck, and given more than one opportunity to bring his pleading into compliance. In fact, Martinez was specifically warned that failure to file a compliant motion by November 10, 2014, would result in dismissal of his motion with prejudice and that no further filings would be accepted. He still did not re-file a compliant motion.

Accordingly, the district court did not err by applying Local Rule 7.1 in this case. The district court's dismissal of Martinez's § 2255 motion is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk