**Kerry W. ALTHOUSE, Appellant,**

v.

**RESOLUTION TRUST CORPORATION, Receiver for Horizon Financial, F.A., Appellee.**

**No. 91–2044.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 25, 1992.

Decided July 21, 1992.

Affirmed.

James V. Fareri, Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, Stroudsburg, Pa., for appellant, Kerry W. Althouse.

David L. Braverman, Linda J. Fellen, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, Pa., Jeffrey Ehrlich, Resolution Trust Corp., Washington, D.C., for appellee, Resolution Trust Corp.

Before: BECKER, HUTCHINSON, and ALITO, Circuit Judges.

OPINION OF THE COURT

ALITO, Circuit Judge:

This case presents the question whether a claimant who fails to file a claim with the

Resolution Trust Corporation (RTC) within the period specified in the RTC's notice to creditors under 12 U.S.C. § 1821(d)(3)(B)(i) may nevertheless obtain review of the merits of that claim by filing suit in district court under 12 U.S.C. § 1821(d)(6)(A). We hold that such review is expressly barred by 12 U.S.C. § 1821(d)(5)(C)(i), and therefore we affirm the order of the district court dismissing the complaint in this case, which sought such review.

## I.

In March 1990, the Resolution Trust Corporation was appointed as receiver for Horizon Financial F.A. According to an undisputed representation in the RTC's papers, the RTC, on May 31, 1990, published legal notice to creditors advising that claims had to be presented within 90 days, i.e., by August 28, 1990. On November 9, 1990, Kerry W. Althouse executed a proof of claim in which he alleged that Horizon had misrepresented or had wrongfully failed to disclose material facts relating to its sale to him of condominium units. The RTC disallowed the entire claim because it was "dated ... beyond the statutory time frame."

Althouse then commenced this action in district court. The RTC moved to dismiss, arguing, among other things, that the court lacked jurisdiction under 12 U.S.C. § 1821(d) because Althouse had not filed a timely claim. In his response, Althouse acknowledged that he had filed a claim with the RTC on November 9, 1990, and that the claim had been disallowed as untimely, but he argued that he was nevertheless entitled to *de novo* review of the merits of his claim in district court.

The district court granted the motion to dismiss. The court wrote that Althouse did not "challenge the correctness or appropriateness of the determination that he had not timely filed his administrative claim, thereby conceding that issue." The court rejected Althouse's argument that he was entitled to *de novo* district court review even though he had not filed a timely administrative claim, stating that "[t]o accept plaintiff's argument in this matter would

be to relegate the requirement of exhaustion of administrative remedies to a mere *pro forma* step on the path to district court determination of all claims against Resolution Trust Corporation." Althouse appealed.

## II.

We believe that the clear terms of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L.No. 101–73, 103 Stat. 183 (1989), barred district court jurisdiction in this case. When the RTC is appointed as receiver of a failed thrift institution, the RTC must promptly publish a notice to the institution's creditors to present their claims and proof by a specified date, which may not be less than 90 days after publication. 12 U.S.C. § 1821(d)(3)(B)(i). The RTC must republish this notice twice; the first republication must occur approximately one month after the initial notice, and the second must occur approximately two months after the initial notice. 12 U.S.C. § 1821(d)(3)(B)(ii). In addition, the RTC must mail a similar notice to any creditor shown on the institution's books. 12 U.S.C. § 1821(d)(3)(C). In this case, Althouse does not challenge the adequacy of the notice provided by the RTC.

If a claimant fails to present a claim to the RTC within the time specified in the notice to creditors, the Act states that, with one exception, the claim "shall be disallowed and such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i). The exception applies to a claimant who does not receive notice of the appointment of the receiver in time to file a timely claim but who files a claim in time to permit payment. 12 U.S.C. § 1821(d)(5)(C)(ii).

By contrast, if a timely claim, together with proof, is submitted, the RTC must determine within 180 days whether to allow or disallow the claim and must notify the claimant. 12 U.S.C. § 1821(d)(5)(A)(i). If a claim is disallowed or if the RTC fails to make a determination within the 180 day period, the claimant is permitted 60 days within which to seek administrative review

or to file suit on the claim in district court. 12 U.S.C. § 1821(d)(6)(A).

Under this scheme, it is plain that if a claimant receives notice but fails to file a timely claim with the RTC, the claim may not be pursued either before the RTC or the courts. The language of 12 U.S.C. § 1821(d)(5)(C)(i) is clear and, with the one exception cited above, absolute: the claim "shall be disallowed and the disallowance shall be final."

Althouse contends, however, that he was entitled to sue on his claim in district court under 12 U.S.C. § 1821(d)(6), which, as previously noted, permits a claimant to file suit on a claim within 60 days after its disallowance by the RTC. Althouse notes that this provision "makes no mention of a reason for disallowance of the administrative claim by the RTC" (Appellant's Brief at 11), and he therefore contends that he was entitled to sue in district court even though he failed to file a timely claim with the RTC.

█ Like the district court, we reject this argument. If Althouse's argument were correct, there would be no substance to the language in 12 U.S.C. § 1821(d)(5)(C)(i) stating that the RTC's disallowance of an untimely claim "shall be final." Such a disallowance would not be final but would instead be merely a meaningless prelude to *de novo* district court review. Any claimant would be able to bypass the submission of a claim to the RTC simply by ignoring the deadline in the notice to creditors and then suing in district court. It seems clear to us that Congress did not intend such a result. Instead, reading 12 U.S.C. § 1821(d)(5)(C)(i) and 12 U.S.C. § 1821(d)(6) together, we think it is apparent that a claimant who receives notice but fails to file a timely claim with the RTC is precluded from filing suit in district court but that a claimant whose claim is disallowed by the RTC for other reasons may file suit.[1] *Accord Capital Data Corp. v. Capital National Bank,* 778 F.Supp. 669 (S.D.N.Y. 1991).

### III.

Under this interpretation of the relevant provisions of FIRREA, Althouse's complaint was correctly dismissed. Althouse does not dispute that the RTC properly established a deadline of August 28, 1990, for filing claims; nor does he argue that he was unaware of this deadline. Although he argues on appeal that several letters sent to the RTC prior to the expiration of the deadline constituted the presentation of a timely claim, it appears that this argument was never made before the district court. As noted above, the district court wrote that Althouse did not "challenge the correctness or appropriateness of the [RTC's] determination that he had not timely filed his administrative claim, thereby conceding that issue." Moreover, Althouse stated in his response to the RTC's motion

---

**1.** Contrary to Althouse's argument, our decision in *Rosa v. RTC,* 938 F.2d 383 (3d Cir.1991), provides no support for his position. *Rosa* did not address the statutory provision that governs this case, 12 U.S.C. § 1821(d)(5)(C). *Rosa* recognized, however, that 12 U.S.C. § 1821(d) "provides for *de novo* district court jurisdiction only after the filing of a claim with, and the initial processing of that claim by, RTC pursuant to § 1821(d)(5) and (6)(A)." 938 F.2d at 391–392 (footnote omitted). *Rosa* further held that the district court lacked jurisdiction to entertain some of the claims in that case because the plaintiffs had not exhausted administrative procedures (*id.* at 393–94) and that the procedures are constitutional (*id.* at 396–97). We do not see how these holdings can be viewed as lending support to Althouse's argument.

Similarly, Althouse's reliance on *Coit Independence Joint Venture v. FSLIC,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), which concerned an entirely different exhaustion requirement, is misplaced. In that case, the Court held that creditors of an insolvent savings and loan association under FSLIC receivership did not have to exhaust the Federal Home Loan Bank Board's administrative claims procedure before suing in district court. The Court reasoned that this procedure exceeded the Bank Board's statutory authority because the procedure placed no clear and reasonable time limit on FSLIC's consideration of claims. *Id.* at 586–587, 109 S.Ct. at 1374. In *Rosa,* we contrasted the "limitless delay" possible under the scheme discussed in *Coit Independence Joint Venture* with the 180 days given the RTC to allow or disallow a claim under FIRREA, and we concluded that the FIRREA exhaustion requirement was adequate. 938 F.2d at 395–396. We see nothing in *Coit Independence Joint Venture* that supports Althouse's argument here.

to dismiss that he had "complied with the administrative claim procedures having filed a claim with the RTC on November 9, 1990." This response, while referring to the letters in relation to another argument, did not suggest that the letters constituted a timely administrative claim. We generally refuse to consider issues that are raised for the first time on appeal (*see, e.g., McAdam v. Dean Witter Reynolds*, 896 F.2d 750, 769 (3d Cir.1990)), and we see no reason to depart from that general practice here.

The order of the district court will therefore be affirmed.