Bohdana TOPOLNYCKY, et al.

v.

**UKRAINIAN SAVINGS & LOAN ASSOCIATION, et al.**

Civ. A. No. 91–3829.

United States District Court, E.D. Pennsylvania.

Aug. 26, 1992.

Robert J. Lane, Hodgson, Russ, Andrews, Woods and Goodyear, Buffalo, N.Y., for plaintiffs.

David P. Bruton, Drinker, Biddle & Reath, Miles H. Shore, Saul, Ewing, Remick & Saul, Paul H. Saint–Antoine, Philadelphia, Pa., Paul K. Stecker, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., Jay Joseph Friedrich, Honig & Friedrich, Waldwick, N.J., Christopher Scott D'Angelo, Ronald E. Hurst, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Scott E. Friedman, Kavinoky & Cook, Buffalo, N.Y., James B. Dougherty, Jr., Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., Andrew Feldman, Damon & Morey, Buffalo, N.Y., for defendants.

Richard Lippman, pro se.

Robert Inselberg, pro se.

## MEMORANDUM AND ORDER

GILES, District Judge.

AND NOW, this 26th day of August, 1992, it is hereby ORDERED that (1) Resolution Trust Company's ("RTC's") motion for summary judgment is DENIED, (2) plaintiffs' cross-motion is GRANTED except as to their request for costs, (3) the RTC will accept and process plaintiffs' proof of claim as timely if filed within ten (10) days of the date of this order, and (4) this action is STAYED for a period of ninety (90) days pending the RTC's determination of plaintiffs' claim, all for the reasons which follow:

1. Plaintiffs have filed suit against Ukrainian Savings and Loan Association ("USLA"), its officers and directors, and others, alleging common law and securities fraud, breach of fiduciary duty, conversion, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Plaintiffs seek to recover funds which they deposited with USLA and which are alleged to have been illegally converted. Plaintiff also seek funds which USLA officers and other defendants persuaded them to invest in various limited partnerships, whose general partners are also named as defendants in this action. RTC, which has been appointed as the receiver for the insolvent USLA, has filed a motion for summary judgment based upon (1) the principle of estoppel and (2) plaintiffs' failure to follow the administrative claims process.

2. RTC argues that plaintiffs are barred from bringing their claims against it by the doctrine set forth in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), and later codified at 12 U.S.C. § 1823(e). In *D'Oench*, the Court ruled in favor of the Federal Deposit Insurance Corporation ("FDIC") in a suit to recover payments on notes signed by the plaintiff. Plaintiff argued that it should not have to pay because it had signed the notes based upon the (unwritten) understanding that they would never be called for payment. The Court held that plaintiff could not rely upon such a secret or side agreement in defending against collection by the FDIC since, by relying upon such an understanding, "the maker lent himself to a scheme or arrangement whereby the banking authority ... was or was likely to be misled." *D'Oench*, 315 U.S. at 460, 62 S.Ct. at 681. The *D'Oench* doctrine was later codified by Congress:

No agreement which tends to diminish or defeat the right, title or interest of the

[FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the [FDIC] unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

12 U.S.C. § 1823(e).

■ 3. In *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), the Court examined the term "agreement" which lies at the heart of 12 U.S.C. § 1823(e). A unanimous Court ruled that "[a] condition to payment of a note, including the truth of an express warranty, is part of the 'agreement' to which the ... requirements of 12 U.S.C. § 1823(e) attach." *Id.* at 96, 108 S.Ct. at 399. Thus, in a suit against the FDIC, a borrower may not defend against payment of a note even if the borrower was induced to sign the note based upon a lender's false representation. In examining the statutory bar, the *Langley* Court summarized the purposes underlying 12 U.S.C. § 1823(e) (and its common law predecessor, the *D'Oench* doctrine):

> One purpose of § 1823(e) is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets. Such evaluations are necessary when a bank is examined for fiscal soundness by state or federal authorities ... and when the FDIC is deciding whether to liquidate a failed bank ... or to provide financing for purchase of its assets ... by another bank.... Neither the FDIC nor state banking authorities would be able to make reliable evaluations if bank records contained seemingly unqualified notes that are in fact subject to undisclosed conditions.

> A second purpose of § 1823(e) is ... [to] ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure.

*Id.* at 91–92, 108 S.Ct. at 401.

■ 4. RTC argues that, in its capacity as the receiver of USLA (and hence a successor to the FDIC), it is immune to plaintiffs' claims under the *D'Oench* doctrine and 12 U.S.C. § 1823(e) because plaintiffs base their claims on false representations akin to the warranty at issue in *Langley*. Indeed, the complaint alleges a host of misrepresentations, especially concerning the nature of the limited partnerships in which plaintiffs were persuaded to invest. RTC argues that these and other alleged misrepresentations amount to unwritten, and hence unenforceable, agreements between plaintiffs and USLA.

5. A brief examination of the complaint reveals, however, that the *D'Oench* doctrine and § 1823(e) are simply inapposite to plaintiff's claims. The *D'Oench* and *Langley* decisions, 42 U.S.C. § 1823(e), and all of the cases cited by RTC in support of its motion refer to *borrowers seeking to avoid payments on promissory notes*. The dual purposes of the estoppel principle as set forth above, in *Langley*, relate specifically to a failing bank's loan policy and to a failed bank's statement of assets. While 42 U.S.C. § 1823(e) and *Langley* (as well as other case law) have expanded the original holding of *D'Oench*, none of that law has expanded it beyond the scope of a borrower (or guarantor) seeking to avoid its obligations to a lending bank.

6. In contrast, plaintiffs here are suing to recover money deposited into defendant bank and money invested in partnerships in which the bank had an interest. (Its wholly-owned subsidiary, co-defendant USL, Inc., was a general partner in one of the partnerships.) Plaintiffs seek to recover their own money, not to avoid the repayment of money borrowed in exchange for notes which became assets of the bank. Indeed, plaintiffs do not allege that USLA

lent them money at any time. As such, neither of the dual purposes of the *D'Oench* doctrine summarized in *Langley* apply to the facts of this case. For all of these reasons, plaintiffs are not barred by the *D'Oench* doctrine or by 42 U.S.C. § 1823(e) from suing RTC in its capacity as receiver of USLA.

■ 7. RTC further argues that it is entitled to summary judgment because plaintiffs have failed to follow the claims process set forth at 12 U.S.C. § 1821(d)(5), which requires them to file an administrative claim against RTC before suing it in court. *FDIC v. Shain, Schaffer and Rafanello*, 944 F.2d 129, 132 (3d Cir.1991). Potential creditors must file such a claim within 90 days of receiving notice of RTC's receivership. 12 U.S.C. § 1821(d)(3)(B)(i). As plaintiffs point out, however, they did not receive the personal notice to which they were entitled as known claimants of USLA. 12 U.S.C. § 1821(d)(3)(C)(ii). As a result, they may still file a proper claim with the RTC. 12 U.S.C. § 1821(d)(5)(C)(ii); *Althouse v. Resolution Trust Corporation*, 969 F.2d 1544 (3d Cir.1992).