CLD-386                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2976
_____

UNITED STATES OF AMERICA

v.

ROGER NOEL WILLIAMS,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:05-cr-00381-001)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2013)
_____

OPINION
_____

PER CURIAM

       Proceeding pro se, federal prisoner Roger Noel Williams appeals a District Court

order denying a post-trial motion in his criminal proceeding.  For the following reasons,

we will summarily affirm the District Court's judgment.

I.

In 2005, Williams and others were indicted in the United States District Court for the Western District of Pennsylvania on charges of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack (21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)–(iii), 846). Williams eventually pleaded guilty pursuant to a plea agreement with the United States.

Two aspects of the plea agreement are relevant to this appeal. First, it contained an appellate and collateral attack waiver, barring Williams from "tak[ing] a direct appeal from his conviction or sentence," "fil[ing] a motion to vacate sentence[] under 28 U.S.C. § 2255," or otherwise collaterally "attacking his conviction or sentence." Plea Agreement ¶ A-15. The agreement also recited that Williams would be sentenced to a term of imprisonment of at least ten years, but contained a stipulated drug quantity that would guide sentencing: "the type and quantity of controlled substance attributable to . . . Williams . . . for the purpose of [U.S.S.G.] § 2D1.1 . . . is at least five (5) but less than fifteen (15) kilograms of cocaine." Plea Agreement ¶¶ C-1-a, C-2.

Williams was eventually sentenced to 144 months in prison. See J. 1, ECF No. 146. This was below the Guidelines range (188–235 months) calculated in his pre-sentence report (PSR).

In late 2011, Williams moved in the District Court for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that Guidelines Amendment

750[1] effected a reduction in his sentencing range. See Mot. for Modification, ECF No. 177. The District Court denied relief, explaining to Williams that he had been sentenced pursuant to a stipulated quantity of powder cocaine, not crack cocaine; the District Court had not taken "any amount of cocaine base into account in determining the Defendant's sentence." See Order, ECF No. 182. Williams did not appeal.

Instead, in 2013, Williams filed another motion pursuant (in part) to § 3582(c)(2). See Mot. for Resentencing, ECF No. 183. He pointed to a Federal Bureau of Prisons document reflecting his conviction for a crime involving "a mixture and substance containing a detectable amount of . . . crack." Williams objected to the fact that the Bureau had him "listed with a Crack Cocaine Conviction," which he suggested had led to his being held "at high custody level for years." Finally, in an aside that relied on Freeman v. United States, 131 S. Ct. 2685 (2011), Williams suggested that he had entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement for a 77-month term of incarceration (which is untrue, as discussed above). Included in the motion was a request for the appointment of counsel.

Once again, the District Court denied relief. See Order, ECF No. 184. To the extent that Williams again requested § 3582(c)(2) relief, the Court denied his motion for the same reason as before. But observing that any attack on other aspects of his conviction and sentence would fall outside of the narrow ambit of § 3582(c)(2), the

---

[1] Amendment 750, promulgated in the wake of the Fair Sentencing Act, "reduced the crack-related offense levels in § 2D1.1 of the Guidelines." United States v. Berberena, 694 F.3d 514, 517–18 (3d Cir. 2012); see also United States v. Savani, 716 F.3d 66, 68 (3d Cir. 2013).

District Court explained that even if Williams's motion were construed as one filed under 28 U.S.C. § 2255, relief could not be granted because 1) Williams waived his right to file § 2255 motions, 2) any § 2255 motion would not be timely filed, and 3) Williams's claim about a departure from the plea agreement was plainly meritless. The Court denied Williams's motion for appointment of counsel and declined to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Williams timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 to review the denial of a § 3582(c)(2) motion; and when, as here, "the district court determines that a defendant is ineligible for relief . . . our review is plenary." United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012). We may only exercise jurisdiction to review the denial of a § 2255 motion if a certificate of appealability has been issued. See Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). Finally, we review the denial of a request for counsel for abuse of discretion. Cf. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

## III.

The United States requests that we take summary action on this appeal, but also asks that we enforce the appellate and collateral attack waivers contained in Williams's plea agreement. We think that enforcing the waivers is unnecessary.

Although we agree with the United States that Williams's plea agreement plainly bars the filing 28 U.S.C. § 2255 motions, we do not read the motion now on appeal as requesting § 2255 relief. Apart from the digression about the purported 77-month plea

4

agreement (which seems to have been lifted from an unrelated filing), Williams's motion appeared, in part, to be a serial § 3582(c)(2) motion. The remainder of the motion, which suggested that the Bureau of Prisons had mistakenly entered Williams's conviction or miscalculated his sentence (allegedly causing him to be held at a "high custody level"), raised allegations to be considered in a 28 U.S.C. § 2241 habeas corpus petition or in a separate civil rights suit, neither of which would be brought on the docket of his criminal action. See Cardona v. Bledsoe, 681 F.3d 533, 537 & n.9 (3d Cir. 2012).[2]

It is unclear, however, whether the District Court actually did sua sponte construe Williams's claims as sounding under § 2255. On one hand, the Court's order contains a conditional "even if," suggesting that the Court did not intend to convert the claims; but, on the other, the order declined to grant a certificate of appealability, which would only be a necessary prerequisite to appeal in a § 2255 proceeding. We have generally cautioned against the sua sponte recharacterization of filings as § 2255 motions, see United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999), although we have recognized that certain situations (not dissimilar to the one here) do not require additional caution or warnings, see United States v. Chew, 284 F.3d 468, 471 (3d Cir. 2002). In this case, however, we conclude that the District Court did not actually convert Williams's claims

---

[2] Williams's averments here were poorly developed, so we will not reach his conditions-of-confinement claim. We note, however, that the Bureau printout he attached to his motion appears to accurately reflect the charge of conviction.

In his summary-action response, Williams seems to raise new claims based on, inter alia, Alleyne v. United States, 133 S. Ct. 2151 (2013). "We generally refuse to consider issues that are raised for the first time on appeal . . . and we see no reason to depart from that general practice here." Althouse v. RTC, 969 F.2d 1544, 1547 (3d Cir. 1992) (citation omitted).

into § 2255 claims.  Accordingly, we need not decide whether to apply the plea-agreement waivers, nor to investigate whether the waivers are valid.

The United States does not ask us to deny the § 3582(c)(2) claims on the basis of the plea-agreement waivers.[3]  Accordingly, we will reach the merits of those claims.

Having done so, we agree with the District Court's conclusion.  Williams misunderstands the different processes that led to his conviction and his sentence.  He was indicted of, and convicted of, a conspiracy involving both crack and powder cocaine.  Despite his dual conviction, he was sentenced purely on the basis of the powder-cocaine quantity and not on the basis of the crack-cocaine quantity.  The powder-cocaine Guidelines relating to the calculation of base-offense levels have not changed between 2006 and the present.  Compare U.S.S.G. § 2D1.1(c)(4) (2006) (assigning a base offense level of 32 to "[a]t least 5 KG but less than 15 KG of [c]ocaine"), with U.S.S.G. § 2D1.1(c)(4) (2012) (same).  Thus, we agree that neither Amendment 750, nor any other intervening change identified by Williams, served to lower his sentencing range; and because § 3582(c)(2) affords only a "limited exception" to the general rule of finality, the District Court could not "consider a sentence reduction."  Savani, 716 F.3d at 70–71.

Because Williams's motion lacked complex issues of arguable merit, the District

---

[3] Indeed, valid waivers of this type would probably not bar the filing of (and an appeal of the denial of) a § 3582(c)(2) motion.  See, e.g., United States v. Lightfoot, 626 F.3d 1092, 1095 (9th Cir. 2010); United States v. Woods, 581 F.3d 531, 534–35 (7th Cir. 2009) (citing United States v. Chavez-Salais, 337 F.3d 1170, 1174 (10th Cir. 2003)); see also United States v. Lonjose, 663 F.3d 1292, 1300–01 (10th Cir. 2011).  To the extent that the discussion of "collateral" in Wall v. Kholi, 131 S. Ct. 1278, 1285 (2011), affects the validity of these cases, we are required to analyze plea agreements under contract law standards.  See United States v. Castro, 704 F.3d 125, 135 (3d Cir. 2013).  Hence, the pre-Kholi definition of "collateral" would probably apply to a plea agreement executed in 2007.

Court did not abuse its discretion by declining to appoint counsel.  See Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993).  Nor, to the extent it was requested, was Fed. R. Crim. P. 35(a) relief available to Williams.

## IV.

For the foregoing reasons, we find no substantial question to be presented by this appeal.  Accordingly, we will grant the Government's motion inasmuch as it requests summary action and will affirm the judgment of the District Court.  See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  The Government's motion is otherwise denied.