**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1912
_____

ROBERT DOYLE,
                                        Appellant

v.

UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA LOCAL 1069
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-06185)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 10, 2019

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: January 25, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Doyle appeals pro se from the District Court's grant of summary judgment in favor of the United Automobile, Aerospace and Agricultural Implement Workers of America, Local 1069 ("Union"). For the following reasons, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we will only recite the facts necessary for our discussion. In September 2011, Doyle, then represented by counsel, initiated this action against the Union. Doyle was permitted to file an amended complaint, and the Union responded by moving to dismiss or for summary judgment, arguing that Doyle failed to exhaust his union grievance remedies. The District Court placed the matter in suspense and allowed Doyle to exhaust. Almost three years later, with permission, Doyle filed a second amended complaint, asserting a single claim. Doyle claimed that the Union violated Section 101(a)(2) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2), by retaliating against him for his campaign activities during the Union's 2008 election.

In September 2016, Doyle's counsel filed a motion to withdraw as counsel, which was granted by the District Court.[1] The District Court initially stayed the matter to allow Doyle to find new counsel but subsequently denied Doyle's request for a continuance. The Union filed a motion for summary judgment, and Doyle failed to timely respond. Doyle notified the Court that he was attempting to secure new counsel, and requested an

---

[1] In the order granting counsel's request to withdraw, the District Court described Doyle's behavior as "dishonest, abusive, and irrational," dkt # 85, at 1, and later described his treatment of counsel as "degrading," dkt # 154, at 4.

extension of time to file a response. The District Court denied Doyle's request. After the

Union timely submitted its trial materials and Doyle failed to do so, the Union moved for

sanctions against Doyle, arguing that Doyle's repeated violations of the Scheduling

Orders warranted dismissal. Though Doyle did not respond to the Union's motion for

sanctions, he filed numerous documents, which were later struck from the record at the

Union's request.[2] The District Court denied the Union's motion for sanctions. In

January 2018, Doyle, over 400 days after his response was due, filed a motion seeking

leave to file a response to the Union's motion for summary judgment. On March 30,

2018, the District Court denied Doyle's request and entered summary judgment in favor

of the Union.

Doyle appeals. On appeal, he argues that (1) the District Court erred in granting

summary judgment in favor of the Union on Doyle's retaliation claim, and (2) the District

Court erred in denying Doyle's pro se request for a continuance in order to retain new

counsel.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's

grant of summary judgment de novo and view all inferences drawn from the underlying

facts in the light most favorable to the nonmoving party. Montone v. City of Jersey City,

709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record

"shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] On appeal, Doyle filed, and we granted, a motion to supplement the record with the documents that were struck from the record by the District Court. Order of May 29, 2018.

to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for a continuance for abuse of discretion. Fontana v. United Bonding Ins. Co., 468 F.2d 168, 169 (3d Cir. 1972) (per curiam).

Section 101(a)(2), contained in Title I of the LMRDA (known as the "Bill of Rights of Members of Labor Organizations"), provides every member with the right to "meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting." 29 U.S.C. § 411(a)(2). Section 102 further provides "a cause of action to any person whose rights secured by the provisions of Title I of the LMRDA have been infringed by any violation of Title I." Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991); 29 U.S.C. § 412.[3] As noted by the District Court, many circuit courts have required plaintiffs, when asserting a retaliation claim under § 101(a)(2), to establish that: "(1) he or she exercised the right to oppose union policies; (2) he or she was subjected to retaliatory action; and (3) the retaliatory action was 'a direct result of his [or her] decision to express disagreement' with the union's leadership." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142,

---

[3] To begin, the District Court properly determined that the applicable statute of limitations for Doyle's LMRDA claim was two years. See Reed v. United Transp. Union, 488 U.S. 319, 334 (1989); 42 Pa. Cons. Stat. Ann. § 5524. Since Doyle's complaint was filed on September 30, 2011, any claims based on actions which occurred before September 30, 2009, are time-barred. However, to the extent that Doyle has alleged a continuing violation, the claim is timely "so long as the last act evidencing the continuing practice falls within the limitations period." Brenner, 927 F.2d at 1295.

269 F.3d 1042, 1058 (9th Cir. 2001) (quoting Sheet Metal Workers' Int'l Ass'n v. Lynn, 488 U.S. 347, 354 (1989)).[4]

Doyle claims that the Union violated § 101(a)(2) by retaliating against him for exercising his free speech rights by campaigning in Local 1069's 2008 election against the eventual winner, Anthony Forte. Specifically, Doyle alleges that the Union refused to arbitrate his discharge from Boeing (his former employer) in October 2009, and that the International Union failed to return his calls for assistance. In support of this claim, Doyle alleges that the Union engaged in a pattern of continuing retaliatory conduct between the Union's 2008 campaign and Doyle's 2009 termination, evidencing the Union's animus towards him.

Doyle was terminated from Boeing in July 2009 for harassing two employees with a golf cart and sending pornographic materials through Boeing's email. There is no evidence that the Union had any role in the termination decision. The Union then filed a grievance challenging Doyle's termination. After the Discharge Board of Review Hearing, wherein the Union argued that Doyle was wrongfully terminated, Doyle's termination was upheld. Shortly thereafter, a meeting was held between the Union

---

[4] We have not previously precisely addressed the showing required to establish a causal link between a plaintiff's protected activity and the adverse action in order to sustain a LMRDA retaliation claim, and there is no occasion to do so here. We agree with the District Court that regardless of the causal standard applied, there is no evidence in the record to show retaliation. Cf. Lauren W. ex rel. Jean W. v. Deflaminis, 480 F.3d 259, 267 (3d Cir. 2007) (stating that a causal connection, for a retaliation claim under the First Amendment, may be shown by either "(1) an usually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link").

leadership, committeemen, and an International Union representative, to discuss whether to arbitrate Doyle's termination. The attendees unanimously decided not to arbitrate his case, concluding that they would be unable to succeed in arbitration. Doyle was then notified of the decision not to arbitrate.

The Union does not contest that Doyle engaged in protected expression, or that he was subjected to an adverse action, but instead argues that the Union's decision not to arbitrate Doyle's discharge was not a retaliatory action. The Union argues that Doyle has not presented any evidence to show that its decision not to arbitrate was improper or motivated by retaliation for Doyle's campaigning efforts, or gives rise to an inference of such retaliation. We agree. The evidence in the record shows that the Union considered Doyle's case and made a decision not to arbitrate based on its determination that arbitration would be unsuccessful. See dkt # 93-1, at 2–3 (committee meeting notes).[5] Nor has Doyle shown an unusually suggestive temporal proximity to establish a causal connection between his campaigning and the Union's decision not to arbitrate. See Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003).

---

[5] Doyle asserts several arguments regarding the Union's decision not to arbitrate and the adequacy of its representation at the discharge hearing. However, these arguments do not support a retaliation claim. To the extent that Doyle seeks to present a claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, we will not entertain a claim raised for the first time on appeal. Althouse v. RTC, 969 F.2d 1544, 1547 (3d Cir. 1992). In any event, a claim under the LMRA would be barred by the applicable statute of limitations. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 –70 (1983) (stating that the statute of limitations for a LMRA claim of breach of duty of fair representation is six-months).

6

As to Doyle's claim that the Union retaliated against him due to the International Union's failure to return his calls for assistance, the District Court correctly concluded that there is no evidence of retaliation by the Union with respect to this allegation. Not only is International Union not a party to this action, but Doyle has not alleged or presented any evidence that the International Union and Local 1069 conspired against him.

Similarly, there is no evidence in the record showing a pattern of "actual antagonistic conduct" between the Union's 2008 campaign and Doyle's 2009 termination. See Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir. 2007) (stating that, regarding a claim for unlawful retaliation under the Pennsylvania Human Relations Act, "[w]here the time between the protected activity and adverse action is not so close as to be unusually suggestive of a causal connection standing alone, courts may look to the intervening period for demonstrative proof, such as actual antagonistic conduct or animus"). For example, Doyle complains of two incidents wherein Union committeeman Kozlowski filed either a complaint or charges against Doyle, which were later either withdrawn by Kozlowski or dismissed by the Union. These incidents do not amount to a pattern of antagonistic conduct. Additionally, Doyle has failed to put forth any evidence to support his allegations of "months of repeated harassment," Appellant's Brief, at 4, or that the Union played a role in his job re-assignment.[6]

---

[6] We have considered the documents that were stricken from the District Court docket, and conclude that his submissions do not alter our conclusion that the District Court was correct to grant summary judgment in favor of the Union. Doyle failed to present any evidence of retaliation or a pattern of continuing retaliatory conduct.

Finally, the District Court did not abuse its discretion in denying Doyle's request for a continuance.[7] Specifically, for the reasons provided by the District Court, there was adequate basis in the record to conclude that Doyle's requests were made in bad faith. See dkt # 92, at 1–2.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[7] In his brief on appeal, Doyle does not explicitly indicate which order denying a continuance he is appealing. However, a review of the record suggests that Doyle's intent is to appeal the District Court's orders entered October 20, 2016 and January 17, 2017.