77 F.3d 1321
 FLINT ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellee,
v.
Bobby WHITWORTH, Individually and in his official capacity
as Department of Corrections Commissioner, Clyde Stovall,
Individually and in his official capacity as Assistant
Commissioner of Department of Corrections, Defendants-Appellants,
Georgia Power Company, Defendant.
PATAULA ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellee,
v.
Bobby WHITWORTH, Individually and in his official capacity
as Department of Corrections Commissioner, Clyde Stovall,
Individually and in his official capacity as Assistant
Commissioner of Department of Corrections, David C. Evans,
Individually, Defendants-Appellants,
Georgia Power Company, Defendant.
 Nos. 94-9199, 94-9227.
 United States Court of Appeals,
Eleventh Circuit.
 March 19, 1996.
 
 Michael J. Bowers, State Attorney General, Neal Bradley Childers, William F. Amideo, Atlanta, GA, for appellants in No. 94-9199.
 James Allen Orr, Sutherland, Asbill & Brennan, Dulaney L. O'Roark, III, Atlanta, GA, Kathy Renee Bess, FDIC, Legal Div., Atlanta, GA, for appellee in No. 94-9199.
 Michael J. Bowers, State Attorney General, Daryl Alan Robinson, Asst. Atty. Gen., Neal Bradley Childers, William F. Amideo, for appellants in No. 94-9227.
 Robert P. Edwards, Jr., Kevin Charles Greene, Charles Frederick Palmer, Susan P. Wilkerson, Eric A. Szweda, Troutman Sanders, Atlanta, GA, for Georgia Power.
 James Allen Orr, Dulaney L. O'Roark, III, Sutherland, Asbill & Brennan, Atlanta, GA, James Elwood Friese, Office of James Elwood Friese, Cuthbert, GA, Kathy Renee Bess, FDIC, Legal Division, Atlanta, GA, for appellee in No. 94-9227.
 Appeals from the United States District Court for the Northern District of Georgia (No. 1:90-CV-1550-HTW); Horace T. Ward, Senior District Judge.
 Before BARKETT, Circuit Judge, and HENDERSON and CLARK, Senior Circuit Judges.
 CORRECTED OPINION
 PER CURIAM:
 
 
 1
 Our earlier opinion, reported at 68 F.3d 1309, is hereby modified by withdrawing the third sentence of the first full paragraph on page 1313, which states "It has also become evident, in light of McKinney, that the EMCs' procedural due process claims are not ripe for review[,]" and substituting in its place the following:
 
 
 2
 It has also become evident, in light of McKinney, that the EMCs failed to state a procedural due process claim.
 
 
 3
 The judgment of the court and the remainder of the opinion are unchanged and remain in full force and effect.