[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14628
_____

D.C. Docket No. 8:10-cv-00726-VMC-TGW

HARRY ELWOOD PENNEY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 5, 2013)

Before WILSON and COX, Circuit Judges, and VINSON,[*] District Judge.

COX, Circuit Judge:

_____

[*] Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

A prisoner seeking a writ of habeas corpus in the federal courts has one year from the latest of four events named in 28 U.S.C. § 2244(d)(1) to file his application for the writ. Section 2244(d)(2), however, allows "properly filed" motions in the court of conviction for "post-conviction or other collateral review" to toll this one-year period of limitation during the time the motion remains pending.

Four years ago, we held in *Alexander v. Secretary, Department of Corrections* that a Florida inmate's post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c) does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2). 523 F.3d 1291, 1297 (11th Cir. 2008). This appeal invites us to consider whether the United States Supreme Court's decision in *Wall v. Kholi*, ___ U.S. ___, 131 S. Ct. 1278 (2011), abrogated our holding in *Alexander* and effectively renders a Rule 3.800(c) motion a tolling event for the purposes of § 2244(d)(2). But we need not reach that question.

The Rule 3.800(c) motion filed in this case was not "properly filed" within the meaning of § 2244(d)(2) because the state court dismissed the motion as untimely. The motion thus could not toll the period of limitation, and we affirm the district court's dismissal of the appellant's habeas petition for untimeliness.

2

## I. FACTS AND PROCEDURAL HISTORY

Harry Elwood Penney, a Florida inmate, was convicted in a Florida circuit court on several counts and received a forty-year prison sentence. A Florida district court of appeals affirmed the convictions and sentence on December 30, 2005. Penney sought no further direct review. The one-year period of limitation within which Penney could file a federal habeas corpus petition under 28 U.S.C. § 2254 began to run ninety days later on March 30, 2006.

After filing one tolling motion that pended in the state courts for nearly two years, Penney filed a motion pursuant to Florida's Rule 3.800(c) on April 7, 2008. The circuit court dismissed the motion as untimely filed, and the district court of appeals affirmed on November 21, 2008. *Penney v. State*, 995 So. 2d 969 (Fla. Dist. Ct. App. 2008) (unpublished table decision). The mandate issued on December 15, 2008. The parties agree (and we agree) that if the Rule 3.800(c) motion tolled the one-year period of limitation for Penney's § 2254 petition, then Penney timely filed his § 2254 petition in the federal district court. The parties also agree (as do we) that if the Rule 3.800(c) motion did not toll the period of limitation, then Penney filed the § 2254 petition after the period of limitation expired.

Citing *Alexander*, the United States District Court for the Middle District of Florida concluded that the Rule 3.800(c) motion did not toll the period of

limitation. The court therefore found that Penney had filed the § 2254 petition after the one-year period of limitation had expired and denied the petition.

## II. STANDARD OF REVIEW AND ISSUES ON APPEAL

Penney sought a certificate of appealability (COA) in the district court, and the court denied the request. Penney then asked that this court issue him a COA. This court granted Penney a COA and stated the issue on appeal as follows: "Whether the district court properly dismissed Penney's 28 U.S.C. § 2254 petition as untimely, in light of *Wall v. Kholi*." We review de novo a district court's dismissal of a § 2254 petition for untimeliness. *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003).

The COA granted in this case requires our attention before we discuss the issues confronting us in this appeal.

28 U.S.C. § 2253(c) governs the issuance of COAs in habeas cases. Under that section, a court of appeals may hear an appeal in a habeas case only if a district or circuit judge first grants a COA. § 2253(c)(1); *Hodges v. Attorney Gen.*, 506 F.3d 1337, 1339 (11th Cir. 2007). Before a judge may grant a COA, however, the habeas petitioner must "ma[k]e a substantial showing of the denial of a constitutional right." § 2253(c)(2). Once granted, the COA must indicate "which specific issue or issues satisfy the showing" of the denial of a constitutional right. § 2253(c)(3). A COA that fails to specify a constitutional issue does not remove

4

our jurisdiction to adjudicate the case. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 647–52 (2012). But when presented with a COA that does not indicate a specific constitutional issue, this court has vacated the COA and remanded to the district court, instructing the district court to either explicitly certify the constitutional issues or—if none existed—deny the petitioner's request. *Bell v. Fla. Attorney Gen.*, 614 F.3d 1230, 1232 (11th Cir. 2010); *Peoples v. Haley*, 227 F.3d 1342, 1346–47 (11th Cir. 2000); *see also Hunter v. United States*, 101 F.3d 1565, 1584 (11th Cir. 1996) (en banc) (remanding but not vacating a COA that did not specify a constitutional issue for appeal).

The COA our court issued in this case does not meet the requirement of § 2253(c)(3) because it certifies only the procedural question of whether the district court properly dismissed the petition for untimeliness and omits any substantive question of whether Penney was denied a constitutional right. We therefore must revisit the § 2254 petition and COA request and either satisfy ourselves that Penney made a substantial showing of a constitutional violation (which would require us to amend the COA) or determine that Penney made no such showing (which would require us to vacate the COA and deny the request for a COA).

We conclude that Penney has made the showing required by § 2253(c)(2) in the section labeled Ground Three of his application for a COA, where he alleges

5

that his trial counsel failed to render effective assistance. After careful review, we conclude that reasonable jurists could debate whether counsel's failure to call Charles Wheaton (who performed a psychological evaluation of Penney) to testify during sentencing or submit his report at that phase constituted ineffective assistance of counsel in violation of the Sixth Amendment. We therefore amend the COA to specifically include the question of whether Penney was denied effective assistance of counsel during the sentencing phase.

On appeal, the Secretary contends that *Kholi* did not abrogate our holding in *Alexander* that a Rule 3.800(c) motion does not toll the period of limitation for § 2254 petitions. The Secretary also argues that Penney's Rule 3.800(c) motion did not meet the requirements of § 2244(d)(2) because the motion was not "properly filed" within the meaning of that section. Either ground, the Secretary says, allows us to affirm the district court's dismissal for untimeliness.

We must first decide whether we can consider the Secretary's argument, raised for the first time on appeal, that Penney did not properly file his Rule 3.800(c) motion. If we can, we then must determine whether Penney failed to properly file the motion. We will reach the merits of the ineffective-assistance-of-counsel claim only if we conclude that Penney's § 2254 petition was timely filed.

6

## III. DISCUSSION

We hold that we can consider the Secretary's argument that Penney did not properly file his Rule 3.800(c) motion. We also hold that the motion was not "properly filed" within the meaning of § 2244(d)(2). We therefore need not reach the question of whether *Kholi* abrogated *Alexander* or the ineffective-assistance-of-counsel question.

### A.

We first conclude that we can consider the Secretary's argument, raised for the first time on appeal, that we can affirm the district court's dismissal because Penney failed to properly file his Rule 3.800(c) motion within the meaning of § 2244(d)(2).

In general, when considering an appeal by an unsuccessful habeas petitioner, our review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). We construe these issues in the COA, however, to include procedural questions that "must be resolved" before we can reach the merits. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362 (2002). These procedural questions need not have been argued before or considered by the district court, because we can affirm the district court's ruling on any ground supported by the record, even those the district court did not consider. *Powers v. United States*, 996

7

F.2d 1121, 1123–24 (11th Cir. 1993); *accord Flint Elec. Membership Corp. v. Whitworth*, 68 F.3d 1309, 1314 n.7 (11th Cir. 1995) (recognizing this court's authority to address a question of law on appeal even though the question was not raised before the district court (citing *Skinner v. City of Miami, Fla.*, 62 F.3d 344, 348 (11th Cir. 1995))), *modified*, 77 F.3d 1321 (11th Cir. 1996); *Spaziano v. Singletary*, 36 F.3d 1028, 1041 (11th Cir. 1994) (concluding that we could consider an argument that the habeas petition was procedurally barred even though the district court denied the petition on its merits and did not address any procedural issue), *cert. denied*, 513 U.S. 1115, 115 S. Ct. 911 (1995).

Here, the properly-filed question constitutes a potential procedural bar to Penney's § 2254 petition that we must resolve before we reach the merits of the petition.  *See McCoy*, 266 F.3d at 1248 n.2.  We therefore follow the approach established in our cases and read the amended COA to encompass the question of whether Penney properly filed the Rule 3.800(c) motion.[1]

### B.

We conclude, and therefore hold, that Penney's § 2254 petition was not timely filed because Penney did not properly file the Rule 3.800(c) motion within the meaning of § 2244(d)(2).

---

[1] Our reading of the COA does not unfairly prejudice the parties.  The parties have had the opportunity in their briefs and at oral argument to present their arguments on the issue of whether we can affirm the district court's ruling on the ground that Penney failed to properly file his Rule 3.800(c) motion.

Section 2244(d)(2) allows only properly filed post-conviction motions to toll the one-year period of limitation for § 2254 petitions.  The Supreme Court and this court have held that post-conviction motions that a state court dismisses as untimely filed are not properly filed within the meaning of § 2244(d)(2).  *Allen v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 2, 4–5 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1322 (11th Cir. 2006), *cert. denied sub nom. Sweet v. McDonough*, 550 U.S. 992, 127 S. Ct. 2139 (2007).

Here, the Florida circuit court dismissed Penney's Rule 3.800(c) motion for untimeliness.  Penney does not argue that the circuit court erred in its dismissal.  The motion was therefore not properly filed within the meaning of § 2244(d)(2).  Because the motion was not properly filed, it did not toll the one-year period of limitation for Penney's § 2254 petition, and the federal district court properly dismissed the petition for untimeliness.

AFFIRMED.