[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11740
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-60156-WPD

NIMSHI L. IVY,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Nimshi L. Ivy, a Florida prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. After review, we affirm.

## I.    BACKGROUND

### A.    State Court Conviction

In Florida state court, Petitioner Ivy was charged with 2 counts of sexual battery on a person less than 12 years' old, in violation of Fla. Stat. § 794.011(2)(a). The victim was Ivy's daughter, who was seven years' old when the incidents occurred.

At Ivy's trial in 2006, the State represented that its only witness in the case was the victim, who was now eight years' old. On direct examination, the victim testified that Ivy committed sexual acts on her on multiple occasions. The victim gave details.

On cross-examination, Ivy's counsel sought to ask the victim, (1) "Did you ever go to the beach with your mom?"; (2) "Who did you go to the beach with?"; and (3) "Have you ever swam [sic] with the dolphins and sharks?" The State objected to these questions on the basis that they were irrelevant and beyond the scope of direct examination.

At side bar, Ivy's counsel stated that, during his first pretrial forensic interview of the victim, the victim stated that she visited the beach and swam with

dolphins and sharks.  However, later in that interview, the victim stated that she never visited the beach nor swam with dolphins and sharks.  The state court determined that the victim's testimony as to the beach and swimming with sea creatures was inadmissible because it was outside of the scope of direct examination and irrelevant.  The state court commented that Ivy's counsel was improperly "attempting to . . . impeach on a collateral matter."  Following the victim's testimony, the State rested.

The jury found Ivy guilty of two counts of sexual battery.  The state court sentenced Ivy to two concurrent sentences of life imprisonment.

## B.    Direct Appeal and Post-Conviction Motions

Ivy appealed his convictions to the Florida Fourth District Court of Appeal. In his appellate brief, Ivy argued that the state trial court erred in limiting his cross-examination of the victim and by refusing to allow him to question the victim about her "possible bias and motive to lie."  Ivy argued that, pursuant to Fla. Stat. § 90.608, a trial court should allow a defendant to impeach the credibility of a state witness.  He argued that, under Florida law, the impeachment evidence he sought to present during his trial was relevant and should not have been excluded.

In his appellate brief, Ivy also asserted once that he had a "'constitutional right to a full and fair cross-examination of his accuser'" and once that he had "the absolute right to conduct a full and fair cross-examination."  However, he cited

3

only state cases for these propositions, and these state cases were not based on federal law. Ivy did not cite the U.S. Constitution or any federal statute or federal case in support of his argument.[1]

In 2007, the Florida Fourth District Court of Appeal summarily affirmed the trial court's judgment.

Later that same year, in a Florida circuit court, Ivy filed a motion for "post-conviction relief," pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised a claim of ineffective assistance of counsel. He later amended his motion with additional ineffective-assistance claims and a challenge to the state trial court's jurisdiction to conduct his original trial. In 2008, the Florida circuit court denied Ivy's Rule 3.850 motion. Ivy appealed, and in October 2011, the Florida Fourth District Court of Appeal summarily affirmed the denial of his first Rule 3.850 motion.

Ivy also filed a second Rule 3.850 motion, which the Florida circuit court dismissed for not meeting the requirements of successive motions. The Florida Fourth District Court of Appeal summarily affirmed the dismissal in February 2009 and denied a rehearing on that summary affirmance in March 2009.

C.    Section 2254 Petition

---

[1]We note that Florida has a constitutional provision providing that the criminally accused has the right to confront adverse witnesses. Fla. Const. art. I, § 16(a).

4

In January 2013, Ivy filed a pro se § 2254 petition raising many claims, including a claim that the state trial court erred in limiting his cross-examination of the victim.[2] Ivy argued that the state trial court violated his "constitutional right of confrontation" when it improperly sustained the State's objections to his questions posed to the victim concerning whether she had visited the beach and whether she swam with sea creatures. Ivy asserted that, during a prior interview of the victim, the victim had stated that she visited the beach and swam with sea creatures. However, later in that same interview, the victim indicated that her statements were untrue. Ivy asserted that his proposed cross-examination of the victim was relevant to the victim's possible bias and motive to lie and that the State's entire case against Ivy depended on the victim's testimony.

In his petition, Ivy also claimed that he was actually innocent of the charges underlying his convictions because he never committed a sexual battery on the victim as defined by Florida law.

Before the district court, the State argued, inter alia, that Ivy's federal confrontation-clause claim was not exhausted in state court and, therefore, was procedurally barred.

---

[2]In the district court, the State "acknowledge[d]" that Ivy's petition was "timely filed." We thus do not address whether Ivy's petition was timely filed under 28 U.S.C. § 2244(d), which sets forth the statute of limitations that applies to habeas petitions. See Holland v. Florida, 560 U.S. 631, ___, 130 S. Ct. 2549, 2560 (2010) (providing that the statute of limitations in § 2244(d) is not jurisdictional).

5

The district court denied Ivy's § 2254 petition without addressing the State's argument concerning exhaustion and the application of a procedural bar. With respect to Ivy's confrontation-clause claim, the district court determined that the victim's false belief that she swam with sea creatures at the beach "would not have undermined the victim's testimony so as to have affected the verdict in the case." Thus, the district court found that Ivy had not established that his rights under the Confrontation Clause of the U.S. Constitution were violated. The district court also determined that the victim's testimony provided sufficient evidence to support Ivy's convictions.

The district court granted a certificate of appealability ("COA") on the issue of whether the state trial court improperly limited Ivy's cross-examination of the victim. The district court denied a COA for Ivy's other claims because he had not shown a violation of a substantial constitutional right as to those claims. Ivy now appeals.

## II.    CONFRONTATION-CLAUSE CLAIM

On appeal, Ivy argues that the state trial court violated his federal constitutional right to confront the victim about her possible bias and motive to lie when the court limited his cross-examination of the victim. Ivy contends that the state trial court should have permitted him to question the victim about a pretrial

6

forensic interview where she made conflicting statements about visiting the beach and swimming with sea creatures.

The State argues that Ivy failed to exhaust this federal confrontation-clause claim in state court and that, consequently, the claim is procedurally barred.

Generally, in considering an appeal by an unsuccessful habeas petitioner, our review is limited to the issues specified in the COA. Penney v. Sec'y, Dep't of Corr., 707 F.3d 1239, 1243 (11th Cir. 2013). "We construe these issues in the COA, however, to include procedural questions that 'must be resolved' before we can reach the merits." Id. at 1243; see, e.g., id. at 1243-44 (reviewing the issue of whether a petitioner's § 2254(d)(2) motion was timely filed because the petitioner did not "properly file" a state post-conviction motion within the meaning of § 2244(d)(2), despite the issue not being specified in the COA); Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002) (reviewing the issue of whether a petitioner had procedurally defaulted a claim by failing to raise it on direct appeal, despite the issue not being specified in the COA).

## A.    Exhaustion of State Remedies

"Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (citing 28 U.S.C. § 2254(b)(1)). For a claim to be exhausted, the claim "must be fairly presented to the state courts," which requires

the petitioner to "present the state courts with the same claim he urges upon the federal courts." Id. (internal quotation marks omitted).  Although "we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." Id. (internal quotation marks omitted).  However, "the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." Id. at 1303 (brackets and internal quotation marks omitted).

In McNair, we decided that a petitioner had failed to exhaust his claim that he was deprived of his right to a fair trial under the Sixth Amendment of the U.S. Constitution when jurors improperly considered extraneous evidence during the penalty phase of his state criminal case. Id. at 1301-02.  In McNair's initial brief to the state appellate court, McNair claimed that the jury improperly considered and relied on extraneous evidence in violation of state law. Id. at 1302.  In making this argument, he "relied almost exclusively on state law." Id. at 1303.  McNair's brief only made two references to federal law. Id.  The first was a citation to a federal case, and the second came in the closing paragraph of McNair's argument, when he stated that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated based on the jurors consideration of extraneous evidence. Id.  We

8

concluded that McNair had failed to "fairly present" his federal constitutional claim to the state court and, therefore, had failed to exhaust his state court remedies. Id. at 1304.

When a petitioner has failed to exhaust his claim and the state court remedy is no longer available, that failure to exhaust is a procedural default, "which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

As in McNair, Ivy failed to properly exhaust his federal confrontation-clause claim. See McNair, 416 F.3d at 1302-04 (concluding that petitioner had failed to fairly present his federal constitutional claim to the state court where he relied almost exclusively on state law and only cited federal law twice). Although Ivy summarily claimed on direct appeal of his state conviction that the state trial court violated his constitutional right to a full and fair cross-examination of his accuser, Ivy failed to indicate that this claim was federal in nature. He never labeled this claim as a federal claim. He did not cite the U.S. Constitution, a federal statute, or federal case law in support of this claim. He cited only state case law. And, the state case law he cited did not address federal law. Moreover, Ivy did not raise a

9

claim alleging a violation of his federal right to confront witnesses in any of his post-conviction motions. Thus, Ivy has failed to properly exhaust this claim.[3]

Furthermore, Ivy's confrontation-clause claim can no longer be brought in state court because he failed to raise the claim in his state direct appeal. In Florida, a prisoner is foreclosed from raising a claim in a Rule 3.850 motion if that claim is based upon grounds that either could or should have been raised on direct appeal. See Fla. R. Crim. P. 3.850(c); Baker v. State, 878 So.2d 1236, 1242 (Fla. 2004) (explaining the purpose of a Rule 3.850 motion). Likewise, in terms of a state habeas corpus petition, the Florida Supreme Court has explained that it will deny any petition as "unauthorized," inter alia, if a petitioner raises claims that "could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence . . . ." Id. at 1245-46.

Accordingly, Ivy's failure to exhaust his claim resulted in a procedural default because "it is apparent that the Florida courts would now refuse to hear this claim. . . ." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009). Thus, we conclude that Ivy's claim is procedurally barred and that the district court could have properly dismissed Ivy's claim on the basis of that procedural bar.

---

[3]As noted above, "[a] habeas petitioner can only evade the exhaustion requirement by showing cause for and actual prejudice resulting from the default or by establishing a fundamental miscarriage of justice." McNair, 416 F.3d at 1304 n.9. Here, Ivy has not argued, or attempted to show, excusable cause, but only argued that he adequately raised his federal claim in state court.

## B.    Merits of the § 2254 Petition

Even if Ivy were able to overcome the procedural bar to his federal confrontation-clause claim, we conclude that he has failed to show that he was entitled to habeas relief on the merits of his claim.[4]

Pursuant to § 2254, we may grant habeas relief on a claim that the state court adjudicated on the merits only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1). A state court's summary, unexplained rejection of a constitutional issue qualifies as an adjudication that is entitled to deference.  Wright, 278 F.3d at 1254.

A state court decision can be "contrary to" established federal law in two ways: (1) if the state court applies a rule that contradicts clearly established U.S. Supreme Court precedent; or (2) if a state court confronts facts that are "materially indistinguishable" from relevant U.S. Supreme Court precedent but arrives at an opposite result from that arrived at by the U.S. Supreme Court.  Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519-20 (2000).  A state court decision is an "unreasonable application" of clearly established federal law if the

---

[4]We review de novo the district court's denial of a habeas corpus petition.  McNair, 416 F.3d at 1297.  Although a district court's decision is reviewed de novo, we owe deference to the final judgment of a state court.  Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1239 (11th Cir. 2010).

11

state court unreasonably applies the correct law to the facts of a case. Id. at 407, 120 S. Ct. at 1520.

"The Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross-examination the testimony of witnesses for the prosecution." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). The right to cross-examine is not, however, absolute. Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986). Specifically, the Supreme Court has held that "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id.

Further, the Supreme Court has never decided that the Confrontation Clause affords a defendant the right to cross-examine a witness as to irrelevant matters. Moreover, we have held that the "the Sixth Amendment only protects cross-examination that is relevant." Jones v. Goodwin, 982 F.2d 464, 469 (11th Cir. 1993) (internal quotation marks omitted). For evidence to be relevant for impeachment purposes, it must actually contradict or impeach the witness's testimony at trial or evidence presented in the state's case. See id. at 469-70 (providing that, because the jury received no evidence of the victim's pre-rape virginity, the petitioner's desire to impeach the victim's out-of-court virginity

12

statement was of "no constitutional moment"; the petitioner merely sought to establish that the victim had previously told an "out of court lie").

Here, even if Ivy adequately raised a federal confrontation-clause claim in his direct appeal to the Florida Fourth District Court of Appeal, Ivy has not shown that he is entitled to a habeas relief. The questions that Ivy sought to ask the victim were not relevant to whether Ivy had committed the alleged acts. Although Ivy asserts that the questions addressed the victim's potential bias and motive to lie, the proffered testimony would have neither contradicted nor impeached anything presented in the state's case on direct examination. See id. at 469. Rather, Ivy merely sought to establish that the victim had previously told an "out of court lie." See id. at 470. Such evidence was not relevant as impeachment evidence. See id.

We thus cannot say that the Florida Fourth District Court of Appeal's decision—declining to find that Ivy had a right under the Confrontation Clause to cross-examine a witness as to irrelevant matters—was either contrary to, or an unreasonable application of, clearly established Federal law. See 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at 405-06, 120 S. Ct. at 1519-20; Wright, 278 F.3d at 1254. Rather, this decision was consistent with U.S. Supreme Court precedent.

### III.    EXPANSION OF COA

13

Ivy also seeks to raise a claim that the State did not provide sufficient evidence to establish that he was guilty of violating Florida's sexual battery law. Ivy asserts that he specifically raised this claim in a motion to expand his COA. The State asserts that this issue is outside of the scope of the COA and, thus, not properly before this Court for review on appeal.

A court issuing a COA must "indicate which specific issue or issues," if any, are covered by the COA. 28 U.S.C. § 2253(c)(3). Appellate review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). To obtain review beyond the scope of the COA, the petitioner must file an application to expand the COA "promptly, well before the opening brief is due." Tompkins v. Moore, 193 F.3d 1327, 1332 (11th Cir. 1999). Arguments outside of the scope of the COA raised in a brief will not be considered as a timely application to expand the COA, and those issues will not be reviewed. Id.

Contrary to Ivy's assertion, he has not properly sought expansion of his COA in either the district court or in this Court. Although Ivy, in his brief to this Court, argues that the COA should be expanded, his request for an expansion of the COA is untimely. See id. Thus, whether the State provided sufficient evidence at trial to convict Ivy is beyond the scope of the COA, and we will not review this

issue.  For the foregoing reasons, we affirm the district court's denial of Ivy's § 2254 petition.

**AFFIRMED.**

Martin, Circuit Judge, concurring:

I agree in the Majority's determination that Mr. Ivy's Confrontation Clause Claim was not exhausted and is now procedurally defaulted.  Further, I agree with the Majority's conclusion that Mr. Ivy has not argued, or attempted to show, cause and prejudice or a miscarriage of justice to excuse his procedural default.  Because Mr. Ivy's unexecused procedural default is sufficient to deny Mr. Ivy's federal habeas petition, I would affirm the District Court's denial of the habeas petition on this basis alone.