[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

———————————————

No. 23-13486

———————————————

JOHN CURRY,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02120-TPB-SPF

———————————————

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

John Curry, a Florida prisoner, applied for a certificate of appealability (a "COA") to appeal the District Court's denial of his petition for a writ of habeas corpus. A jury found Curry guilty of murder and attempted felony murder resulting from Curry's involvement in a drug-related burglary and robbery. After failing to obtain postconviction relief in direct and collateral state court proceedings, he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Curry argued eleven grounds for relief in that petition, all of which the District Court denied.

Curry then moved for a COA under 28 U.S.C. § 2253(c). His application raised only two of the issues that he presented in his petition to the District Court: (1) whether his trial counsel was ineffective for failing to move to suppress a statement he gave to police and (2) whether his trial counsel was ineffective for failing to properly argue a motion for judgment of acquittal. However, the COA that we issued was granted on a third issue that Curry never raised in his application: "Whether the district court erred in denying Curry's claim that trial counsel was ineffective for asking him about the nature of his prior felony convictions on direct examination?"

We have held as an en banc Court that a COA "must specify what issue or issues raised by the prisoner satisfy" the requirement that "the applicant has made a substantial showing of the denial of a constitutional right." *Spencer v. United States*, 773 F.3d 1132, 1137

(11th Cir. 2014) (en banc) (internal quotation marks omitted). While an erroneously issued COA does not implicate our jurisdiction over the appeal, *see Gonzalez v. Thaler*, 565 U.S. 134, 142–45, 132 S. Ct. 641, 649–50 (2012), we may still vacate a COA that we erroneously issued. *Spencer*, 773 F.3d at 1137–38. Indeed, "[w]e have the authority and duty to vacate a COA" that was improvidently granted. *Lambrix v. Sec'y, DOC*, 872 F.3d 1170, 1179 (11th Cir. 2017) (per curiam).

That is the case here. A prisoner's application is what "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000); *accord Buck v. Davis*, 580 U.S. 100, 115, 137 S. Ct. 759, 773 (2017). But Curry never raised or mentioned in his application the issue on which we granted a COA, much less why the District Court's assessment of that issue was debatable or wrong. Looking beyond the issues presented in Curry's application is not "consonant with the limited nature of the [COA] inquiry." *Buck*, 580 U.S. at 117, 137 S. Ct. at 774.

Certainly, we have sua sponte remediated defective COAs by revisiting the petitioner's application and determining from the issues raised therein that the petitioner made the showing required for a COA. *See, e.g., Penney v. Sec'y, Dep't of Corr.*, 707 F.3d 1239, 1242 (11th Cir. 2013), *vacated as moot*, 2013 WL 5962971 (M.D. Fla. Apr. 17, 2013); *Lambrix*, 872 F.3d at 1180. But we cannot do so here because Curry did not even raise in his application the issue of

whether the District Court erred in denying his claim that his trial counsel was ineffective for asking him about the nature of his prior felony convictions on direct examination.  We cannot make an end run around Curry's application and "ignore the clear command of Congress articulated in subsections 2253(c)(2) and (3)."  *Spencer*, 773 F.3d at 1137.

For these reasons, the COA was improvidently granted.  As a result, we vacate our previous order granting the COA, and we dismiss Curry's appeal.

**CERTIFICATE OF APPEALABILITY VACATED AS IMPROVIDENTLY GRANTED, AND APPEAL DISMISSED.**